# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LEE MACHICOTE, | : | |
|     Plaintiff | : | |
| | : | No. 1:20-cv-1315 |
| v. | : | |
| | : | (Judge Kane) |
| BARRY SMITH, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

On July 30, 2020, pro se Plaintiff Anthony Lee Machicote ("Plaintiff"), who is presently confined at the State Correctional Institution at Houtzdale in Houtzdale, Pennsylvania ("SCI Houtzdale"), initiated the above-captioned case by filing a complaint pursuant to 42 U.S.C. § 1983 asserting an Eighth Amendment failure to protect claim regarding an incident where non-party Inmate Barry Lewis punched him. (Doc. No. 1 at 5.) Plaintiff names as Defendants Superintendent Barry Smith, Deputy Superintendent Bobby Jo Salamon, Deputy Superintendent David Close, and Mental Health Supervisor Dr. Walmer. (Id. at 2-3.) Plaintiff states that he has named these defendants because they have a duty to protect prisoners under their care and to enact appropriate safeguards to prevent inmate assaults. (Id. at 4.)

After Plaintiff filed an application for leave to proceed in forma pauperis, the Court granted the motion and issued an order directing service of the complaint on defendants dated August 17, 2020. (Doc. No. 9.) Defendants filed a motion to dismiss the complaint on October 16, 2020. (Doc. No. 13.) Plaintiff filed an opposition and supplemental reply to the motion on November 2 and 3, 2020. (Doc. Nos. 15, 16.) Defendants have not filed a reply, and the time for doing so has since passed. The motion to dismiss is thus ripe for disposition. For the following reasons, the Court will grant the motion and dismiss the complaint without prejudice, with leave to amend granted.

## I. BACKGROUND

In the complaint, Plaintiff alleges that on September 28, 2019, he was in dining hall number 2 at SCI Houtzdale eating breakfast when Inmate Barry Lewis approached his table and asked if anyone wanted his coffee pack, to which everyone responded, "No." Inmate Lewis said, "alright . . . cool" and then punched Plaintiff in the eye. (Doc. No. 1 at 6.) Plaintiff was knocked back and had to be escorted to medical by a corrections officer. (Id.). He alleges that Inmate Mills was a witness to the incident. (Id.) Plaintiff sustained a black eye, which was swollen shut. (Id.) He states that there are photographs to document his injury as well as a video recording of the incident. (Id.)

Relevant to the defendants included in the complaint, Plaintiff alleges that:

> Every defendant mentioned are responsible for this incident because the[y] allowed this inmates [sic] to live in housing units that do not correspond to this individual['s] needs, and place all other inmates in harm way. They knew of his assault tendencies and they should've never allow[ed] this inmate to live near me or to even interact with me. The "risk factor" was evidence and the records wills how the other inmates this inmate Lewis has assaulted. The deliberate indifference is proven by their knowledge of his prior assaults and that the[y] ignored their own policies and placement of mental illness patient[s] to their own blocks and they knowingly place Barry Lewis on my pod unit putting me at risk and any other inmate living in JA.

(Id. at 5.)

Defendants argue in their motion that Plaintiff has failed to allege their personal involvement sufficient to state a claim for relief under § 1983. (Doc. No. 14 at 1.) In Plaintiff's opposition, he provides significantly more information regarding the involvement of defendants, which is not included in the complaint. (Doc. No. 15.)

## II. LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cty. of Allegheny, 515 F.3d 224,

232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation

3

marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III. DISCUSSION

Plaintiff has brought his constitutional claim pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993).

4

"A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" See Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007); Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Further, supervisory liability cannot be imposed under § 1983 by respondeat superior. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Durmer v. O'Carroll, 991 F.2d 64, 69 n.14 (3d Cir. 1993). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677. A plaintiff must show that an official's conduct caused the deprivation of a federally protected right. See Kentucky v. Graham, 473 U.S. 159, 166 (1985); Gittlemacker v. Prasse, 428 F.2d 1, 3 (3d Cir. 1970) (A plaintiff "must portray specific conduct by state officials which violates some constitutional right."). Notably, a supervisory official has no affirmative constitutional duty to supervise or discipline subordinates so as to prevent the violation of constitutional rights. See Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990).

Plaintiff's complaint is defective because he has failed to show how each defendant was personally involved in the allegations supporting his failure to protect claim. Plaintiff discusses the defendants collectively and fails to identify the actions that each took personally and how that defendant was involved in failing to protect Plaintiff. Plaintiff's brief in opposition contains much more information regarding the involvement the defendant; however, the Court can only consider the allegations included in the complaint.

Generally, "plaintiffs who file complaints subject to dismissal . . . should receive leave to amend unless amendment would be inequitable or futile." See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Because it is possible that Plaintiff can remedy his pleading

deficiencies in an amended complaint, the Court will grant Plaintiff leave to file an amended complaint. In the amended complaint, Plaintiff should be careful to detail each defendants' personal involvement in his failure to protect claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted (Doc. No. 13), the complaint (Doc. No. 1) will be dismissed without prejudice, and leave to amend will be granted. An appropriate Order follows.