**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY LEE MACHICOTE,** | : | |
| **Plaintiff** | : | **No. 1:20-cv-01315** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **BARRY SMITH, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

On July 30, 2020, pro se Plaintiff Anthony Lee Machicote ("Machicote"), who is

presently incarcerated in the State Correctional Institution-Houtzdale ("SCI-Houtzdale") and was

incarcerated in that facility at all relevant times, initiated the above-captioned case by filing a

civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Barry Smith ("Smith"),

Bobby Jo Salamon ("Salamon"), David J. Close ("Close"), and Dr. Walmer ("Walmer").  (Doc.

No. 1.)  The complaint alleged that Defendants failed to protect Machicote from an assault by

non-party inmate Barry Lewis ("Lewis").  (Id.)  The Court previously granted Defendants'

motion to dismiss and dismissed the complaint without prejudice for Machicote's failure to

allege the Defendants' personal involvement in the alleged civil rights violations.  (Doc. Nos. 17-

18.)  Machicote has since filed an amended complaint and Defendants have moved to dismiss the

amended complaint.  (Doc. Nos. 20, 22.)  For the following reasons, the Court will grant the

motion to dismiss.

**I.    BACKGROUND**

In his original complaint, Machicote alleged that he was in a dining hall at SCI-Houtzdale

eating breakfast when Lewis approached his table and asked if anyone at the table wanted his

coffee pack.  (Doc. No. 1 at 6.)  Everyone at the table said no and Lewis responded

"alright…cool" and then punched Plaintiff in the eye.  (Id.)  He sustained a black eye as a result

of the incident.  (Id.)  Defendants moved to dismiss the complaint on October 16, 2020.  (Doc. No. 13.)  The Court granted the motion on July 16, 2021 based on Machicote's failure to allege the Defendants' personal involvement in the alleged civil rights violations.  (Doc. Nos. 17-18.) The Court dismissed Machicote's complaint without prejudice and granted him leave to file an amended complaint.  (Id.)

Machicote filed an amended complaint on September 2, 2021.  (Doc. No. 20.)  In the amended complaint, Machicote alleges that all four defendants were employed at SCI-Houtzdale at the time of the alleged assault by Lewis—Defendant Smith as the Superintendent of the prison, Defendant Salamon as the Deputy Superintendent of Facility Services, Defendant Close as the Deputy Superintendent of Centralized Services, and Defendant Walmer as the director of the prison's mental health department.  (Id. at 1-2.)  Machicote alleges that Lewis had a "well documented" history of assaultive behavior and that the Defendants were aware of this history. (Id. at 3-4.)  In terms of the Defendants' personal involvement, Machicote alleges that Defendant Smith received notification of all inmates who were being transferred to his institution as the Superintendent, that Defendant Close interviews all inmates before they are placed in a housing unit to "a[ss]ess the needs of said inmates, such as medical treatment, programs, school, and history of said inmate['s] behavior," that Defendant Salamon is "involved" with the process of placing inmates in housing units, and that Defendant Walmer receives all inmates' medical packets, which includes information on their mental health.  (Id. at 4-5.)

Machicote alleges that the Defendants are liable for the assault by Lewis because they allowed Lewis to be housed in a unit that did not correspond to his housing needs given his history of assaultive behavior.  (Id. at 5.)  Machicote alleges that Lewis's history of violence presented a clear risk to him and other inmates and that Defendants "should have never allowed"

Lewis "to live near Plaintiff or even to interact with him."  (<u>Id.</u>)  He seeks $300,000 in damages.  (<u>Id.</u> at 6.)

Defendants moved to dismiss the amended complaint on September 30, 2021 and filed a brief in support of the motion on the same day.  (Doc. Nos. 22-23.)  Defendants argue that the amended complaint should be dismissed for failure to state a claim upon which relief may be granted because Machicote has again failed to allege that they were personally involved in the alleged violation of Machicote's civil rights.  (Doc. No. 23.)  Machicote has not opposed the motion to dismiss, and the deadline for doing has expired.  The motion to dismiss is accordingly deemed unopposed pursuant to Local Rule 7.6.  <u>See</u> M.D. Pa. L.R. 7.6.

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  <u>See</u> <u>Phillips v. Cty. of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  <u>See</u> Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  <u>See</u> Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009); <u>In re Ins. Brokerage Antitrust Litig.</u>, 618 F.3d 300, 314 (3d Cir. 2010).  To prevent

3

dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible.  See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted).  The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the Court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106).

### B.   Section 1983 Standard

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  See 42 U.S.C. § 1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id.  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors."  See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## III.   DISCUSSION

The Court will first address Defendants' argument that the complaint fails to allege their personal involvement.  To state a § 1983 claim upon which relief may be granted, a plaintiff must allege that the defendant was personally involved in the alleged violation of the plaintiff's rights.  See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  Allegations of

personal involvement cannot be based solely on a theory of <u>respondeat</u> <u>superior</u>.  <u>See</u> <u>Rode v.</u>
<u>Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

With respect to Machicote's claims against Defendants Smith, Salamon, and Walmer,
Defendants are correct that Machicote fails to allege their personal involvement.  There are no
allegations that Smith and Salamon were personally involved in the decision to house Lewis in
the same unit as Machicote.  Thus, it appears from the face of the amended complaint that
Machicote is attempting to hold Smith and Salamon liable solely based on their roles as
supervisory officials in the prison, which is insufficient to allege personal involvement.  <u>See</u> <u>id.</u>
As for Defendant Walmer, the only allegation of her involvement in the housing decision is that
she was "involved" in such decisions.  (Doc. No. 20 at 5.)  This conclusory assertion of personal
involvement is not entitled to the assumption of truth and will be disregarded.  <u>See</u> <u>Santiago</u>, 629
F.3d at 130.  Thus, dismissal of the claims against Smith, Salamon, and Walmer is appropriate
for Machicote's failure to allege their personal involvement.

The same is not true with respect to Plaintiff's claim against Defendant Close.  The
amended complaint alleges that Close interviews all inmates to determine their housing needs
based on their physical and mental health and behavioral history.  (<u>Id.</u> at 4.)  Liberally construed,
this allegation is sufficient to allege that Close was personally involved in the decision to house
Lewis in the same unit as Machicote.

Machicote's claim against Defendant Close will still be dismissed, however, because
Machicote has failed to allege that Close or any of the other Defendants were aware of any risk
that Lewis would assault Machicote.  For a plaintiff to state a deliberate indifference claim based
on a defendant's alleged failure to protect the plaintiff from harm, the plaintiff must show that
(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the

6

defendant was deliberately indifferent to that risk, and (3) the defendant's deliberate indifference caused the plaintiff harm.  See Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)), abrogated in nonrelevant part as recognized by Mack v. Yost, 968 F.3d 311, 319 n.7 (3d Cir. 2020).  The first element is an objective inquiry of whether the official "knowingly and unreasonably disregarded an objectively intolerable risk of harm."  See Beers-Capitol v. Wetzel, 256 F.3d 120, 132 (3d Cir. 2001).  The second element is subjective: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."  See Bistrian, 696 F.3d at 367 (quoting Beers-Capitol, 256 F.3d at 125).

When the plaintiff's deliberate indifference claim is based on the risk of an assault by another inmate, the plaintiff must allege that defendants were aware of a risk that the other inmate would assault the plaintiff specifically, and not simply inmates generally.  See id. at 371. By itself, the risk that an inmate with a history of violence will attack another inmate for some unknown reason is too speculative to support an Eighth Amendment claim.  See id. ("Thus, according to Bistrian, the risk of the harm that occurred was the risk that an inmate with a history of violence might attack another inmate for an unknown reason.  We cannot conclude on these allegations that prison officials were deliberately indifferent to such a speculative risk."); see also Blackstone v. Thompson, 568 F. App'x 82, 84 (3d Cir. 2014) ("The risk that an inmate with some history of violence might attack another inmate for an unknown reason, however, is too speculative to give rise to an Eighth Amendment claim.").  Here, Machicote has alleged that Defendants were aware of Lewis' history of violence and that they should have been aware of a risk to all the inmates in the prison, but he has not alleged that there was any risk of assault

specific to him.  Absent such an allegation, Machicote fails to state a deliberate indifference claim upon which relief may be granted.

Courts are cautioned that because of the applicable pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The federal rules allow for liberal amendment in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court should also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court cannot conclude that it would be futile or prejudicial to permit Machicote to file a second amended complaint that corrects the deficiencies identified herein.  Machicote is advised that the second amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the first two complaints or any other document already filed.  The second amended complaint should set forth Machicote's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant

in the acts that Machicote claims violated his rights.  Mere conclusory allegations will not set forth a cognizable claim.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' motion to dismiss (Doc. No. 22) but grant Machicote leave to file a second amended complaint.  An appropriate Order follows.

<u>s/ Yvette Kane</u>
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania