IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LEE MACHICOTE, | : | |
|     Plaintiff | : | No. 1:20-cv-01315 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| BARRY SMITH, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

On July 30, 2020, pro se Plaintiff Anthony Lee Machicote ("Machicote"), who is presently incarcerated in the State Correctional Institution-Houtzdale ("SCI-Houtzdale") and was incarcerated in that facility at all relevant times, initiated the above-captioned case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Barry Smith ("Smith"), Bobby Jo Salamon ("Salamon"), David J. Close ("Close"), and Dr. Walmer ("Walmer"). (Doc. No. 1.) The complaint alleged that Defendants failed to protect Machicote from an assault by non-party inmate Barry Lewis ("Lewis"). (Id.) Following two rounds of dismissal and subsequent amendment by Machicote, the case is presently proceeding on Machicote's second amended complaint, filed on April 27, 2022. For the following reasons, the Court will dismiss the second amended complaint without further leave to amend.

**I.  BACKGROUND**

In his original complaint, Machicote alleged that he was in the dining hall at SCI-Houtzdale eating breakfast when Lewis approached his table and asked if anyone at the table wanted his coffee pack. (Doc. No. 1 at 6.) Everyone at the table said no and Lewis responded "alright…cool" and then punched Machicote in the eye. (Id.) He sustained a black eye as a result of the incident. (Id.) Defendants moved to dismiss the complaint on October 16, 2020. (Doc. No. 13.) The Court granted the motion on July 16, 2021, based on Machicote's failure to

allege the Defendants' personal involvement in the alleged civil rights violations.  (Doc. Nos. 17-18.)  The Court granted Machicote leave to file an amended complaint.  (Id.)

Machicote filed an amended complaint on September 2, 2021.  (Doc. No. 20.)  In the amended complaint, Machicote alleged that Lewis had a "well documented" history of assaultive behavior and that the Defendants were aware of this history.  (Id. at 3-4.)  He alleged that the Defendants were liable for the assault by Lewis because they allowed Lewis to be housed in a unit that did not correspond to his housing needs given his history of assaultive behavior.  (Id. at 5.)  Machicote alleged that Lewis's history of violence presented a clear risk to him and other inmates and that Defendants "should have never allowed" Lewis "to live near Plaintiff or even to interact with him."  (Id.)

Defendants moved to dismiss the amended complaint on September 30, 2021.  (Doc. No. 22.)  The Court granted the motion on March 31, 2022, concluding that Machicote failed to allege the personal involvement of Defendants Smith, Salomon, and Walmer, and that he failed to allege that any of the Defendants were aware of a risk that Lewis would assault Machicote.  (Doc. Nos. 24-25.)  The Court granted Machicote leave to file a second amended complaint.

Machicote filed his second amended complaint on April 27, 2022.  (Doc. No. 26.)  Machicote alleges that he first came into contact with Lewis sometime prior to September 28, 2019, when Machicote was standing in line to get food and Lewis "turned around and just started talking" to Lewis "about nothing."  (Id. at 4.)  Machicote responded, "Do I know you?"  (Id.)  Lewis went to shake Machicote's hand, but Machicote, thinking of rumors that Lewis was "crazy" and that he frequently attacked other inmates, declined to shake his hand.  (Id.)  Machicote allegedly spoke with a prison psychiatrist, Ms. Boyce ("Boyce"), shortly after this interaction and Boyce "stated her concern with him."  (Id.)

Machicote's second interaction with Lewis allegedly occurred on September 28, 2019, when Machicote was in the prison dining hall eating breakfast. (Id.) Lewis allegedly approached Machicote and asked if anybody wanted the coffee packets that were on the table. (Id. at 5.) Machicote and everyone else at the table said no. (Id.) Lewis turned to walk away, and Machicote returned to his meal. (Id.) Shortly thereafter, Lewis allegedly punched Machicote in the eye. (Id.) A correctional officer handcuffed Lewis and Machicote was escorted to the prison's medical department. (Id.)

The second amended complaint again names Smith, Salamon, Close, and Walmer as defendants and alleges that they are liable for deliberate indifference to the risk that Machicote would be assaulted in violation of the Eighth Amendment. (Id. at 2-3, 6.) Machicote does not allege how the Defendants were personally involved in failing to protect him from the assault by Lewis, nor does he state what relief he is seeking. (Id. at 4-6.)

## II.    LEGAL STANDARDS

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a

prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See, e.g., Smithson v. Koons, No. 15-cv-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating that "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure"); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

4

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the

5

conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## III.  DISCUSSION

Machicote's second amended complaint suffers from the same pleading defects as his first amended complaint in that it fails to allege Defendants' personal involvement and fails to allege that Defendants were aware of a risk that Lewis would assault Machicote.  See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018) (noting that a plaintiff must allege that a defendant was personally involved in the alleged violation of the plaintiff's rights in order to state a claim under 42 U.S.C. § 1983); Bistrian v. Levi, 696 F.3d 352, 371 (3d Cir. 2012) (noting that a plaintiff alleging deliberate indifference to the risk of assault by another inmate must allege that the defendants were aware of a risk that the other inmate would assault the plaintiff specifically, and not simply inmates generally).  Absent such allegations, the second amended complaint fails to state a claim upon which relief may be granted.

Courts are cautioned that because of the applicable pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The federal rules allow for liberal amendment in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court should also determine

6

whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

In this case, the Court will deny further leave to amend as futile.  Machicote has had three opportunities to state a claim upon which relief may be granted and has repeatedly failed to do so.  See Foman, 371 U.S. at 182 (noting that leave to amend may be denied based on a litigant's repeated failure to cure pleading deficiencies through previously allowed amendments).  Accordingly, the Court will dismiss Machicote's second amended complaint without further leave to amend and close this case.

### IV.    CONCLUSION

For the foregoing reasons, Machicote's second amended complaint will be dismissed without further leave to amend.  An appropriate Order follows.